J. S20025/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ERIC BUNDY, | : | No. 2439 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, July 17, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0000067-2007

BEFORE: BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JUNE 21, 2017**

Eric Bundy appeals from the order of July 17, 2015, issued by the

Court of Common Pleas of Philadelphia County that dismissed his PCRA[1]

petition without a hearing. After careful review, we affirm.

The factual history of this matter as recounted by the PCRA court is as

follows:

> On April 7, 2006, at approximately
> 10:45 [p.m.], Jason Bryan (victim/decedent) and his
> cousin Kevin Robertson drove to the 100 block of
> N. 60th Street in the City and County of Philadelphia
> to meet Kevin's girlfriend, Samara Dennis.
> Robertson double-parked his cousin's silver Cadillac
> near Samara's house. Samara, who had been dating
> Robertson for two (2) months, walked over to the
> car and got into the back seat. After a few minutes
> Samara exited the car and began to walk into her

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

house, where her brother and her daughter were waiting for her.

Robertson began to pull away as [appellant] started to run up to the driver's side door while pulling a firearm from his waistband. Robertson saw [appellant] approach in the rearview mirror, pulled out his firearm, and while hanging out of the driver's side window shouted, "I've got something too!" [Appellant] stepped back and gestured with one hand that he was backing away, while sliding the firearm back into his waistband. At the same time as [appellant] backed away from the car, Derrick Edmunds approached the passenger side and began firing into the car. Robertson quickly ducked back into the car and pulled away. [Appellant] began firing at the car as it drove off. Neighbors at the block party quickly fled the area.

Robertson drove approximately eight (8) blocks to 61st and Landsdowne Streets and parked. Robertson noticed that he was shot in the right hand and arm, and felt pain in his head. Bryan was slumped forward in his seat and unresponsive as Robertson called out to him. Robertson pulled Bryan's body back into the seat and noticed two (2) bullet wounds to his head. He called 911. As police arrived and approached the car, the driver's side door was open and the engine was running. Robertson staggered over to the police in a blood soaked shirt and was transported to the hospital for treatment. Bryan was pronounced dead at the scene. He sustained two (2) fatal gunshot wounds to the head.

An investigation of the Cadillac revealed that the rear window had a bullet hole in it, which caused the window to shatter, and there were five (5) bullet holes in the passenger side door. Seven (7) fragments of ballistic evidence were discovered inside the car. It was determined that all of the shots were fired into the vehicle at the scene of the shooting. Eight (8) .45 caliber fired cartridge casings ("FCC") were found on the street at the scene of the

shooting. The casings matched the ballistic evidence extracted from the decedent's body. The FCC's and the bullets were all fired from the same .45 caliber weapon.

On May 5, 2006, Derrick Edmunds provided a statement to police detailing his involvement in the murder of Jason Bryan and was subsequently arrested. [Appellant] was arrested on May 9, 2006.

PCRA court opinion, 6/27/16 at 2-3, quoting trial court opinion, 7/30/09 at 2-4 (citations to notes of testimony and footnote omitted.)

A jury convicted appellant of the crimes of third degree murder, attempted murder, conspiracy to commit murder, aggravated assault, conspiracy to commit aggravated assault, possessing an instrument of crime, and violating the Uniform Firearms Act.[2] On January 30, 2009, the trial court sentenced appellant to an aggregate term of 33½ to 87 years' imprisonment.[3] Appellant filed post-sentence motions which the trial court denied on February 11, 2009. Appellant appealed to this court on February 17, 2009. On April 16, 2010, this court affirmed the judgment of sentence. **Commonwealth v. Bundy**, 998 A.2d 1011 (Pa.Super. 2010) (unpublished memorandum). On December 1, 2010, the Pennsylvania

---

[2] 18 Pa.C.S.A. §§ 2502(c), 901(a), 903(a)(1), 2702, 903(c), 907(a), and 6106(a)(1), respectively.

[3] Derrick Edmunds ("Edmunds"), appellant's co-defendant, was convicted of the same crimes as appellant except that he was convicted of first degree murder, 18 Pa.C.S.A. § 2502(a), rather than third degree murder. Currently, Edmunds has appealed the denial of an amended PCRA petition alleging ineffective assistance of counsel to this court.

Supreme Court denied **allocatur**.  **Commonwealth v. Bundy**, 13 A.3d 474 (Pa. 2010).

On January 3, 2012, appellant filed a **pro se** PCRA petition.  He filed a supplemental **pro se** petition on January 15, 2013.  Lee Mandell, Esq., was appointed as counsel and filed an amended PCRA petition on December 17, 2014.  In this amended petition, appellant raised claims of trial counsel's ineffectiveness.  Specifically, appellant asserted that his trial counsel was ineffective for the following reasons:  1) failure to conduct an independent pretrial investigation to prepare a meaningful defense for a capital murder trial; 2) failure to independently locate or interview any potential witnesses that were present during the moments leading up to the shooting incident; 3) failure to introduce exculpatory evidence that showed that appellant's physical attributes failed to match the witness's description of the shooter; 4) failure to secure an independent forensic expert to examine the physical evidence what would have shown only one shooter was involved with regard to the serious injury to the driver and the death of the passenger; 5) failure to object during trial and preserve for appeal a challenge regarding the introduction of hearsay testimony that was used to describe appellant as the shooter; 6) failure to timely submit a motion to the trial court that challenged the verdict as against the weight of the evidence; and 7) failure to voluntarily petition for his withdrawal at trial due to his physical, mental,

and emotional difficulties. (Amended Post Conviction Relief Act Petition, 12/17/14 at 2-3.)

On February 25, 2015, the Commonwealth moved to dismiss appellant's petition on the basis that he failed to meaningfully develop any claims. On June 5, 2015, the PCRA court issued a notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. On July 17, 2015, the PCRA court dismissed the petition. Appellant filed a notice of appeal to this court.

Before this court, appellant contends that the PCRA court erred when it dismissed the amended PCRA petition without a hearing even though appellant pled and would have been able to prove that he was entitled to relief.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Where the PCRA court has dismissed a petitioner's petition without an evidentiary hearing, as was the case here, we review the PCRA court's decision for an abuse of discretion. *See Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013), *cert. denied*, 135 S.Ct. 56 (2014) (citation omitted). Moreover,

> the right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (internal citations omitted).

Instantly, all of appellant's claims challenge the effectiveness of counsel. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020

- 6 -

(Pa.Super. 2014), *appeal denied*, 104 A.3d 523 (Pa. 2014) (citation omitted). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) (citation omitted). Additionally, we note that "counsel cannot be held ineffective for failing to pursue a meritless claim[.]" *Commonwealth v. Hall*, 867 A.2d 619, 632 (Pa.Super. 2005), *appeal denied*, 895 A.2d 549 (Pa. 2006).

After a thorough review of the record, including the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court, it is our determination that appellant's ineffectiveness claims warrant no relief. The PCRA court comprehensively discussed the ineffectiveness claims briefed by appellant and concluded that they were either meritless, undeveloped, or previously litigated.[4] (*See* PCRA court opinion, 6/27/16 at

---

[4] With respect to appellant's claim that trial counsel was ineffective because he failed to independently locate and interview any potential witnesses who were reportedly present during the moments leading up to the shooting, this court agrees with the trial court's reasoning that appellant did not provide any information that would indicate that any witness existed, the witness was available, counsel knew of or should have known of the existence of the witness, the witness was willing to testify, and the failure of the witness to testify was so prejudicial to deny appellant a fair trial. *See Commonwealth v. Peterkin*, 513 A.2d 373, 383 (Pa.Super. 1986. However, the trial court also stated that appellant failed to attach to his petition an affidavit from any possible witnesses. In *Commonwealth v. Pander*, 100 A.3d 626, 640-642 (Pa.Super. 2014) (*en banc*), this court held that a request for an evidentiary hearing under the PCRA did not require affidavits from witnesses. Rather, this court held that certifications from the *pro se* petitioner or the petitioner's attorney, if he has one, as to

5-10.)  We have reviewed the record in its entirety and have considered the merit of appellant's arguments.  Following our careful consideration, we find that the PCRA court's conclusions are clearly free of legal error.  Accordingly, we adopt the PCRA court's June 27, 2016 opinion as our own.

Based on the foregoing, we affirm the PCRA court's July 17, 2015 order dismissing appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2017

---

the substance of each witness's testimony would satisfy the PCRA. Notwithstanding the trial court's error, it still adequately disposed of appellant's claim.

Circulated 05/25/2017 03:16 PM

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-000067-2007

                  v. :

                 : SUPERIOR COURT **FILED**

ERIC BUNDY : 2439 EDA 2015

**JUN 27 2016**
Criminal Appeals Unit
First Judicial District of PA

**OPINION**

Byrd, J.                                                 June 27, 2016

On December 1, 2008, a jury presided over by the Honorable Renee Cardwell Hughes convicted petitioner Eric Bundy of third-degree murder, attempted murder, conspiracy to commit murder, aggravated assault, conspiracy to commit aggravated assault, possessing an instrument of crime (PIC), and violating the Uniform Firearms Act (VUFA). Bundy was sentenced to an aggregate term of thirty-three and one-half (33 ½) to eighty-seven (87) years in prison on January 30, 2009. Bundy filed post-sentence motions, which were duly considered and denied on February 11, 2009. On February 17, 2009, Bundy filed a notice of appeal to the Superior Court. On July 30, 2009, Judge Hughes filed an opinion in accordance with Pennsylvania Rule of Appellate Procedure 1925(a). The Superior Court affirmed Bundy's judgment of sentence on April 16, 2010. On December 1, 2010, Bundy's petition for allowance of appeal was denied by the Supreme Court.

Eric Bundy filed a pro se petition seeking relief under the Post Conviction Relief Act ("PCRA") on January 3, 2012. A supplemental pro se petition was filed on January 15, 2013. Thereafter, Lee Mandell, Esquire, was appointed as counsel, and filed an amended PCRA petition on December 17, 2014. On February 25, 2015 the Commonwealth filed its motion to dismiss. This matter was transferred to this court upon Judge Hughes's retirement. On June 5, 2015 this court,

*Commw. v. Eric Bundy*                  Page 1 of 10

*Appendix*

after a review of the pleadings and argument of counsel, issued a notice of intent to dismiss Bundy's meritless petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On July 17, 2015 this court formally dismissed the petition. Bundy filed a notice of appeal on August 12, 2015. On March 1, 2016, following Bundy's request to proceed pro se on appeal the Superior Court directed this court to conduct an on-the-record colloquy as to whether his waiver of counsel was made knowingly, intelligently, and voluntarily, pursuant to *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998). At the *Grazier* hearing on April 1, 2016, Bundy withdrew his request to proceed pro se and requested to have Lee Mandell, Esquire, continue as appellate counsel.

## STATEMENT OF FACTS

The following facts were summarized in the trial court's opinion as follows:

> On April 7, 2006, at approximately 10:45pm, Jason Bryan (victim/decedent) and his cousin Kevin Robertson drove to the 100 block of N. 60th Street in the City and County of Philadelphia to meet Kevin's girlfriend, Samara Dennis. Robertson double-parked his cousin's silver Cadillac near Samara's house. Samara, who had been dating Robertson for two (2) months, walked over to the car and got into the back seat. After a few minutes Samara exited the car and began to walk into her house, where her brother and her daughter were waiting for her.
>
> Robertson began to pull away as Eric Bundy started to run up to the driver's side door while pulling a firearm from his waistband. Robertson saw Bundy approach in the rearview mirror, pulled out his firearm, and while hanging out of the driver's side window shouted, "I've got something too!" Bundy stepped back and gestured with one hand that he was backing away, while sliding the firearm back into his waistband. At the same time as Bundy backed away from the car, Derrick Edmunds approached the passenger side and began firing into the car. Robertson quickly ducked back into the car and pulled away. Bundy began firing at the car as it drove off. Neighbors at the block party quickly fled the area.
>
> Robertson drove approximately eight (8) blocks to 61st and Landsdowne Streets and parked. Robertson noticed that he was shot in the right hand and arm, and felt pain in his head. Bryan was slumped forward in his seat and unresponsive as Robertson called out to him. Robertson pulled Bryan's body back into the seat and

noticed two (2) bullet wounds to his head. He called 911. As police arrived and approached the car, the driver's side door was open and the engine was running. Robertson staggered over to the police in a blood soaked shirt and was transported to the hospital for treatment. Bryan was pronounced dead at the scene. He sustained two (2) fatal gunshot wounds to the head.

An investigation of the Cadillac revealed that the rear window had a bullet hole in it, which caused the window to shatter, and there were five (5) bullet holes in the passenger side door. Seven (7) fragments of ballistic evidence were discovered inside the car. It was determined that all of the shots were fired into the vehicle at the scene of the shooting. Eight (8) .45 caliber fired cartridge casings ("FCC") were found on the street at the scene of the shooting. The casings matched the ballistic evidence extracted from the decedent's body. The FCC's and the bullets were all fired from the same .45 caliber weapon.

On May 5, 2006, Derrick Edmunds provided a statement to police detailing his involvement in the murder of Jason Bryan and was subsequently arrested. Bundy was arrested on May 9, 2006.

## DISCUSSION

Here, petitioner alleges that trial counsel was ineffective for the following reasons:

a. Trial counsel's failure to conduct an independent pretrial investigation to prepare a meaningful defense for a capital murder trial.

b. Trial counsel's failure to independently locate or interview any potential witnesses that were reportedly present during the moments leading up to the shooting incident.

c. Trial counsel's failure to introduce exculpatory evidence showing that the Defendant's physical attributes failed to match the witness's description of the shooter.

d. Trial counsel's failure to secure an independent forensic expert to examine the physical evidence that would have shown only one shooter was involved with regard to the serious injury to the driver and the death of the passenger.

e. Trial counsel's failure to object during trial and preserve for appeal a challenge regarding the introduction of hearsay testimony that was used to describe his client as a shooter.

f. Trial counsel's failure to timely submit a motion to the Trial Court challenging the verdict as against the weight of the evidence.

g. Trial counsel's failure to voluntarily petition for his withdrawal at trial due to his physical, mental and emotional difficulties.

The Post Conviction Relief Act (PCRA) creates an avenue of relief for a limited variety of claims which are raised in a collateral petition on a conviction an individual did not commit and to individuals serving illegal sentences. 42 Pa. C.S. §9542. Claims pursuant to the PCRA are extraordinary assertions that the judicial system failed; they are not merely direct appeal claims that are made at a later stage of the judicial proceedings. *Commonwealth v. Rivers*, 567 Pa. 239, 786 A.2d 923 (2001). A petitioner is entitled to file all PCRA petitions, including second and subsequent petitions within one (1) year from the date his judgment of sentence becomes final. 42 Pa. C.S. §9545(b)(1); 42 Pa. C.S. §9545(b)(3). A petitioner is eligible for relief under the PCRA if he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa. C.S. §9543(a)(2) (setting forth the eligibility requirements of the PCRA). *Commonwealth v. Ligons*, 601 Pa. 103, 971 A.2d 1125 (2009).

A petitioner may be entitled to relief under the PCRA if he is able to plead and prove that a conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa. C.S. §9543(a)(2)(ii). It is the ineffectiveness claim, not the underlying error at trial, which is reviewed. *See Commonwealth v. Clayton*, 572 Pa. 395, 816 A.2d 217 (2002). Under the PCRA, an allegation of ineffective assistance of counsel amounts to constitutional malpractice where counsel's incompetence

deprived a defendant of his Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Williams*, 566 Pa. 553, 782 A.2d 517 (2001).

The law requires the presumption that counsel was effective, unless the petitioner can fulfill his burden and prove otherwise. *See Commonwealth v. Payne*, 794 A.2d 902 (Pa. Super. 2002). To prevail on an ineffective assistance of counsel claim, petitioner bears the burden of demonstrating: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Kersteter*, 877 A.2d 466, 468 (Pa. Super. 2005). Furthermore, counsel's choices cannot be evaluated in hindsight, but rather should be examined in light of the circumstances at that time. *See Commonwealth v. Hardcastle*, 549 Pa. 450, 701 A.2d 541 (1997). Even if there was no reasonable basis for counsel's course of conduct, a petitioner is not entitled to relief if he fails to demonstrate prejudice. *See Commonwealth v. Douglas*, 537 Pa. 588, 645 A.2d 226 (1994).

In petitioner's first claim, he alleges "trial counsel's failure to conduct an independent pretrial investigation to prepare a meaningful defense for a capital murder trial." However, this case was not tried as a capital homicide. The docket, on page ten, listed this case as a non-capital homicide jury trial.[1]

Furthermore, petitioner has failed to plead or prove what specifically would have been developed by an "independent" investigation. *See, e.g., Commonwealth v. Elliot*, 80 A.3d 415, 439 (Pa. 2013) ("Even assuming that trial counsel failed to adequately investigate [a particular claim] and had no reasonable strategy for such omission, Elliot has failed to demonstrate the requisite prejudice by establishing what evidence a further investigation would have revealed that would

---

[1] A copy of the docket sheet is attached.

have changed the outcome of the trial"). Our appellate courts have long disfavored bald assertions of ineffectiveness without merit. *See Commonwealth v. Mitchell*, 883 A.2d 1096, 1108 (Pa. Super. 2005) (ruling that "[i]ssues which are not adequately supported by citations to pertinent legal authority are waived"); *Commonwealth v. Steele*, 599 Pa. 341, 361, 961 A.2d 786, 797 (2008) (concluding that where a petitioner "has failed to set forth all three prongs of the ineffectiveness test and meaningfully discuss them, he is not entitled to relief, and we are constrained to find such claims waived for lack of development"). Indeed, it is petitioner's burden to prove that a reasonable investigation was not conducted. *See Commonwealth v. Steele*, 961 A.2d 786, 820 (Pa. 2008). He has failed to do so. The record shows that trial counsel's representation was constitutionally effective and within the range of competence of criminal trial attorneys.

In petitioner's second claim he alleges, "trial counsel's failure to independently locate or interview any potential witnesses that were reportedly present during the moments leading up to the shooting incident." However, petitioner does not identify any particular avenue of investigation that would have been more effective for his defense. In *Commonwealth v. Peterkin*, 511 Pa. 299, 319, 513 A.2d 373, 383 (1986), the court explained that "[t]he reasonableness of counsel's investigative decisions depends critically on the information supplied by the defendant." Accordingly, petitioner has not properly established this claim. Furthermore, petitioner has not adequately shown that: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied [appellant] a fair trial." *Commonwealth v. Thomas*, 615 Pa. 477, 44 A.3d 12, 23 (2012) (quoting *Commonwealth v. Johnson*, 600 Pa. 329, 966 A.2d 523, 536 (2009)). In this case, petitioner did not attach to his petition an affidavit from any proffered witnesses. As

a result, his claim is merely a bald assertion of ineffectiveness and he has failed to meet any of the five prongs. *See Commonwealth v. Carter*, 661 A.2d 390, 396 (Pa. Supper. 1995) (holding that "[i]neffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses"). Accordingly, petitioner's claim has no merit.

In petitioner's third claim he alleges, "trial counsel's failure to introduce exculpatory evidence showing that the defendant's physical attributes failed to match the witness's description of the shooter." Once again, the petitioner did not provide any evidence to support this claim nor did he refer to the record. In *Commonwealth v. Wharton*, 571 Pa. 85, 86, 811 A.2d 978, 986 (2002), the court held that "[c]laims of ineffective assistance of counsel are not self-proving: thus, appellant's undeveloped arguments respecting counsel are insufficient to prove an entitlement to relief." *See also Commonwealth v. Ellis*, 700 A.2d 948, 957 (Pa. Super. 1997) (deeming an issue waived because appellant "failed to develop any argument or cite any authority in support of his vague contention"); *Commonwealth v. Mitchell*, 883 A.2d 1096, 1108 (Pa. Super. 2005) (ruling that "[i]ssues which are not adequately supported by citations to pertinent legal authority are waived"); *Commonwealth v. Steele*, 599 Pa. 341, 361, 961 A.2d 786, 797 (2008) (concluding that where a petitioner "has failed to set forth all three prongs of the ineffectiveness test and meaningfully discuss them, he is not entitled to relief, and we are constrained to find such claims waived for lack of development"). Consequently, petitioner's claim has no merit.

In petitioner's fourth claim he asserts, "trial counsel's failure to secure an independent forensic expert to examine the physical evidence that would have shown only one shooter was involved with regard to serious injury to the driver and the death of the passenger." Bundy alleged trial counsel was ineffective for failing to secure an independent forensic expert to examine the physical evidence that would have shown only one shooter was involved with regard to the serious

injury to the driver and death of the passenger. However, petitioner has failed to identify, much less provide a report from, any such expert. As stated above, petitioner cannot obtain relief on the basis of this undeveloped ineffectiveness of counsel claim.

In petitioner's fifth claim he contends, "trial counsel's failure to object during trial and preserve for appeal a challenge regarding the introduction of hearsay testimony that was used to describe him as a shooter." It is nearly impossible to address petitioner's claim because he has not pointed this court to any particular section of the transcript or record where such ineffectiveness allegedly occurred. *See Wharton*. Consequently, petitioner's underdeveloped claim is without merit.

In petitioner's sixth claim he alleges "trial counsel's failure to timely submit a motion to the trial court challenging the verdict as against the weight of the evidence." A new trial will be granted on the basis that the verdict is against the weight of the evidence "only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. VanDivner*, 599 Pa. 617, 630, 962 A.2d 1170, 1177 (2009). In reviewing whether the verdict was against the weight of the evidence, the trial court must exercise its discretion in determining whether " 'certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts to deny justice.' " *Commonwealth v. Widmer*, 560 Pa. 308, 320, 744 A.2d 745, 752 (2000) (quoting *Thompson v. Philadelphia*, 507 Pa. 592, 601, 493 A.2d 669, 674 (1985)). The appellate court's review "is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion." *Commonwealth v. Diggs*, 597 Pa. 28, 39, 949 A.2d 873, 879 (2008). First, petitioner has not pointed to any evidence that should have been accorded greater weight than the evidence that the Commonwealth presented against him at trial. Second, and more

importantly, this claim has been previously litigated and decided by the Superior Court: "If we were to consider, in the interest of judicial economy and fairness, Appellant's challenge to the weight of the evidence which is based exclusively on alleged inconsistencies in the testimony of victim Kevin Robertson,[2] we would nevertheless agree with the trial court's conclusion that the jury, sitting as the trier of fact, weighed such testimony, accepted it as credible, and rejected Appellant's argument." *See Commonwealth v. Solano*, 906 A.2d 1180, 1186 (Pa. 2006), *cert. denied*, 550 U.S. 938 (2007) (holding, *inter alia*, that the question of weight of evidence is reserved exclusively for the trier of fact who is free to believe all, part, or none of the evidence and free to determine the credibility of witnesses). In *Commonwealth v. Howard*, 533 Pa. 266, 280-281, 719 A.2d 233, 240 (1998), the court held that a petitioner "is precluded from raising a claim of post-conviction review that was previously and finally litigated on direct appeal. ... Further, an appellant cannot obtain collateral review of previously litigated claims by alleging ineffective assistance of prior counsel and presenting new theories of relief." Therefore, petitioner's contention is meritless.

In petitioner's final claim he alleges, "trial counsel's failure to voluntarily petition for his withdrawal at trial due to [counsel's] physical, mental and emotional difficulties." Bundy's claim is effectively challenging counsel's overall performance at trial. However, he did not provide any evidence to support this claim nor did he refer to the record. Thus, his claim cannot be entertained because it has not been properly developed. Even if these claims were arguably meritorious, Bundy still cannot overcome the presumption that trial counsel competently and effectively represented him and that his overall performance and assessment of the case was reasonable. As the court held

---

[2] These alleged inconsistencies by Robertson include the following: (1) testimony that he had not been in the neighborhood prior to the night of the shooting; (2) that he has not possessed a gun on the day of the shooting; and (3) that [he] had not seen Appellant prior to the nigh of the shooting. Appellant's Brief at 18-19.

in *Commonwealth v. Fisher*, 572 Pa. 105, 116, 813 A.2d 761, 767 (2002), "[s]peculation by hindsight that a different strategy might possibly have been successful is not the test which establishes ineffectiveness of counsel." In *Strickland v. Washington*, 466 U.S. 668, 689 (1984), the United States Supreme Court instructed that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Contrary to defendant's assertion, the record shows that trial counsel competently and effectively represented petitioner. As the court held in *Commonwealth v. Albrecht*, 554 Pa. 31, 46, 720 A.2d 693, 701 (1998), "[i]f it is clear that [petitioner] has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." Thus, there is no merit in his claim.

Finally, based on the foregoing, it follows that Bundy's claim of ineffectiveness of trial counsel must fail. *See Commonwealth v. Hall*, 582 Pa. 526, 872 A.2d 1177 (2005) (holding that three-prong standard for reviewing ineffectiveness claims applies to the performance of counsel at any level of representation); *Commonwealth v. Busanet*, 572 Pa. 535, 545, 817 A.2d 1060, 1066 (2002) (ruling that "failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim").

Accordingly, for the foregoing reasons, the dismissal of petitioner's PCRA petition should be AFFIRMED.

BY THE COURT,

Sandy L.V. Byrd,  J.